UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4934

RICHARD KEITH DUGGER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James C. Turk, District Judge.
(CR-96-9-A)

Submitted:  August 4, 1998

Decided: September 23, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Monroe Jamison, Jr., Abingdon, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Richard A. Lloret, Assistant
United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury found Richard Keith Dugger guilty of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (1994), and of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841 (1994). On appeal, Dugger challenges the sufficiency of the evidence and alleges prosecutorial misconduct. Additionally, Dugger claims that he was prejudiced by being seen in handcuffs by some of the jurors and also that the district court abused its discretion in denying his motion for new trial based on the newly discovered evidence of the recantation of a witness' testimony.

First, Dugger claims that the evidence was insufficient to support his convictions. In support of this claim, Dugger attacks the credibility of the witnesses who testified against him and the sufficiency of their testimony. This court reviews sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). In reviewing the sufficiency of the evidence, this court does not weigh the evidence nor consider the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

We find Dugger's sufficiency of the evidence claim unavailing. The record is replete with evidence that was more than adequate to support Dugger's convictions. The testimony of numerous witnesses established that Dugger conspired to possess and to distribute and also possessed methamphetamine. See United States v. Burgos, 94 F.3d 849, 857-58 (4th Cir. 1996) (in banc). Thus, taking the evidence in the light most favorable to the Government, we conclude that a rational jury could have found Dugger guilty of the conspiracy and possession charges. See Burgos, 94 F.3d at 862.

Next, Dugger claims that opposing counsel's remarks during closing arguments entitle him to a new trial. Specifically, Dugger avers, and the Government concedes, that it was error for the prosecutor during closing argument to refer to a guilty plea that was not put into evi-

dence. Because Dugger did not object to the statements, this court reviews for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). Reversal based upon improper remarks by the prosecutor is merited when the remarks were actually improper and when they prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial. See United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988). Reading the prosecutor's remarks in context, we find that Dugger fails to establish that the prosecutor's remarks denied him a fair trial. The prosecutor's comments about one of the defendant's guilty plea, which had not been put into evidence, was not directed at Dugger but was arguing the credibility of another witness. The trial court instructed the jury that the statements and arguments of counsel were not evidence. Further, we find that the record reveals that the evidence was sufficient to support Dugger's convictions and that the prosecutor's comments were not deliberately made to mislead the jury. Thus, we conclude that the prosecutor's error did not affect Dugger's substantial rights or seriously affect the fairness, integrity or public reputation of judicial proceedings.

To the extent that Dugger alleges that he was prejudiced by being seen in handcuffs on one occasion by some of the jurors, we find that he has no claim. Dugger's counsel pointed out the incident to the trial court but did not request a curative instruction or a mistrial. We therefore review Dugger's claim for plain error. See Olano, 507 U.S. at 732. We conclude that the incident was isolated, that Dugger failed to establish actual prejudice, and that Dugger did not show that the incident affected the fairness of the trial.

Finally, Dugger asserts that the district court erred by denying his motion for new trial based upon the newly discovered evidence of Carl David Daye's recantation of testimony. The district court's docket sheet fails to show that Dugger appealed the order denying his motion for a new trial and, thus, this court lacks jurisdiction to review that order. Dugger's initial notice of appeal was filed December 10, 1996. Dugger filed his motion for new trial on July 30, 1997. This court remanded the case to allow the district court to act on the motion. The district court denied his motion for new trial by order entered on October 27, 1997. The unamended notice of appeal filed December 10, 1996, is not effective to bring the order entered in October 1997 under our jurisdiction. See United States v.

3

Cunningham, 145 F.3d 1385, 1392-93 (D.C. Cir. 1998). We therefore find that Dugger's claim that the district court erred in denying his motion for new trial is not properly before this court.

Accordingly, we affirm Dugger's conviction and sentence. We grant Dugger's motions to file a pro se supplemental brief and to amend that brief, to the extent that the documents were before the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4